UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| CARRY BRUCE, | ) | |
|---|---|---|
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 11-CV-0365-CVE-TLW |
| | ) | |
| WAL-MART STORES EAST, L.P. | ) | |
| previously named as | ) | |
| Wal-Mart Stores, Inc., | ) | |
| | ) | |
| **Defendant.** | ) | |

## **OPINION AND ORDER**

Now before the Court is Defendant's Motion for Summary Judgment and Brief in Support (Dkt. #27). Defendant Wal-Mart Stores East, L.P. (Wal-Mart) seeks summary judgment on plaintiff's negligence claim, because plaintiff's slip and fall was allegedly caused by an open and obvious hazard. Plaintiff responds that there is a factual dispute as to whether the hazard was open and obvious, and she asserts that summary judgment is precluded due to the existence of a genuine dispute as to a material fact.

**I.**

On September 25, 2008, Carry Bruce was shopping at Wal-Mart store No. 472 in Broken Arrow, Oklahoma. She selected a fleece blanket and other items, and she attempted to check out a cash register. Dkt. # 32-3, at 7-8. Bruce believed that the fleece blanket rang up at the wrong price and the cashier, Marge Hargis, asked Bruce to show her where Bruce found the fleece blanket. Bruce and Hargis left the cash register to check the price of the fleece blanket. Id. at 8. Bruce and Hargis checked the price of the blanket and returned to the cash register. Hargis was walking in front of Bruce, and Bruce and Hargis were having a conversation. Id. at 13. Bruce slipped and fell

as she approached the cash register, and she claims that she injured her left knee as a result of the incident. Bruce claims that she did not see anything on the floor before she fell, but she noticed a brown liquid on the floor after her fall. Id. at 10-11. The brown liquid was the color of soda and Bruce does not recall the size of the spill. Id. at 11-12.

Wal-Mart has produced photographs and video surveillance footage of the area of the store where Bruce fell. Wal-Mart states that the floor was covered with white or light-colored tile where Bruce fell, and the dark liquid on the floor would have been open and obvious to a person exercising reasonable care. Dkt. # 27, at 2. Some of the photographs show that there was a dark liquid, such as a soda, on the floor, but the size of the spill is unclear from the photographs. Dkt. # 27-2. The video surveillance footage does not clearly show any substance on the floor, but it is apparent that Hargis walked through the same area before Bruce fell. Dkt. # 32-1.

## II.

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 317. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Id. at 327.

2

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 250. In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998).

**III.**

Defendant argues that the dark liquid on the white tile floor constituted an open and obvious hazard, and defendant had no duty to warn plaintiff of this hazard. Dkt. # 27, at 5. Plaintiff responds that there is a genuine dispute as to whether the hazard was open and obvious, because there is conflicting evidence concerning the visibility and size of the hazard. Dkt. # 23, at 12-14. Plaintiff also argues that the liquid may not constitute an open and obvious condition, even if it were visible, because the danger may not have been apparent and plaintiff was being distracted by the conduct of Hargis when the slip and fall occurred. Id. at 9-11.

Under Oklahoma law, plaintiff must prove three elements to prevail on a negligence claim: (1) defendant owed a duty to plaintiff to protect plaintiff from injury; (2) defendant violated that duty; and (3) plaintiff suffered injuries that were proximately caused by defendant's violation of a

3

duty. Consolidated Grain & Barge Co. v. Structural Systems, Inc., 212 P.3d 1168, 1171 n.8 (Okla. 2009). The nature of the duty owed by a landowner to an entrant onto real property depends on whether the entrant is classified as a trespasser, licensee, or invitee. McKinney v. Harrington, 855 P.2d 602, 604 (Okla. 1993). The parties do not dispute that plaintiff was an invitee. "The owner of premises owes 'the duty to exercise reasonable care to keep the premises in a reasonably safe condition and to warn invitees of conditions which are in the nature of hidden dangers.'" Ruddy v. Skelly, 231 P.3d 725, 727 (Okla. Civ. App. 2009) (quoting Rogers v. Hennessee, 602 P.2d 1033, 1034 (Okla. 1979)). An invitor has no duty to warn an invitee of the presence of open and obvious dangers on the invitor's property. Williams v. Tulsa Motels, 958 P.2d 1282 (Okla. 1998). An invitor is not a "guarantor of the safety of its invitees," and is not liable for injuries caused by a hazard of which the invitee should have been aware. Dover v. W.H. Braum, Inc., 111 P.3d 243, 245 (Okla. 2005). However, the mere fact that a hazard is visible or observable does not make it open and obvious. Sholer v. ERC Management Group, LLC, 356 P.3d 38, 43-44 (Okla. 2011).

Defendant argues that the hazard was open and obvious, and it had no duty to warn plaintiff of a "puddle . . . of a dark liquid on a white tile floor." Dkt. # 27, at 5. Plaintiff responds that the photographic and video evidence does not clearly establish that the hazard would have been visible to plaintiff or that the hazard was large enough to constitute an open and obvious danger. Dkt. # 32, at 9. She also states that Hargis was having a conversation with her at the time of the slip and fall, and she was distracted by the conduct of defendant's employee. Id. at 10-11. The Court has reviewed the parties' motions and the evidence submitted by each party, and finds that there is a genuine dispute as to the size and visibility of the alleged hazard. Plaintiff testified in her deposition that she did not see the dark liquid on the floor before she fell. Dkt. # 32-3, at 10-11. The dark

4

liquid is not visible on the video surveillance footage, but photographs taken after plaintiff's fall do show a brown or dark liquid on the floor. See Dkt. # 27-2, at 1-3; Dkt. # 32-1. The size of the spill is not clear from that photographs and only scattered drops of a brown liquid are clearly visible, but it would not be reasonable to call the spill a "puddle" based on the evidence submitted by defendant.[1] Viewing the evidence in the light most favorable to plaintiff, the Court finds that, at a minimum, the evidence provides a reasonable basis for the parties to dispute the size of the hazard, and the finder of fact should be permitted to decide this factual dispute. The size of the hazard is a genuine dispute as to a material fact precluding summary judgment in favor of defendant, and defendant's motion for summary judgment should be denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment and Brief in Support (Dkt. #27) is **denied**.

**DATED** this 16th day of April, 2012.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[1] The Court has viewed the color photographs attached to the electronic version of defendant's motion for summary judgment, not only black and white photocopies, and the size of the hazard is not clear even in the color photographs.

5